UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ALVARO BLADIMIR ORTIZ VENTURA, *et al.*,

        *Petitioners*,

  v.

KRISTI NOEM, *et al.*,

        *Respondents*.

1:25-cv-01429-MSN-WEP

### ORDER

Petitioners Alvaro Bladimir Ortiz Ventura and Rene Balmore Castro Cartagena ("Petitioners"), have filed a three-count Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"), challenging the lawfulness of their detention by Immigration and Customs Enforcement ("ICE"). ECF 4.[1] Both petitioners are currently detained at immigration detention centers within this Court's jurisdiction; Mr. Ortiz Ventura is currently detained at Caroline Detention Center ("CDC") and Mr. Castro Cartagena is detained at the Farmville Detention Center ("FDC"). In their Petition, they argue that the Department of Homeland Security's ("DHS") invocation of the automatic stay of their release pursuant to 8 C.F.R. § 1003.19(i)(2), after an Immigration Judge ("IJ") ordered them released on bond, violates their rights to substantive and procedural due process (Counts I and II, respectively). Petitioners also contend that 8 C.F.R. § 1003.19(i)(2) is *ultra vires* and exceeds ICE's statutory authority under the INA (Count III).

---

[1] The Petition originally sought relief for a third petitioner, Olger Zoto. ECF 4. On September 22, 2025, the parties entered a stipulation of dismissal as to Mr. Zoto, representing that he had been released from ICE custody. ECF 13.

This Court has already concluded in an analogous case that the automatic stay regulation violated the substantive and procedural due process rights of an individual detained pursuant to 8 U.S.C. § 1226(a). *See Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF (E.D. Va. Sept. 30, 2025). This Court adopts its reasoning in *Quispe-Ardiles* and grants the Petition as to Counts I and II.[2]

## I. BACKGROUND

Mr. Ortiz Ventura is a citizen of El Salvador who entered United States without inspection in 2016. ECF 4 ¶¶ 14, 25. After arriving in the United States, Mr. Ortiz Ventura began living in Williamsburg, Virginia. *Id.* at ¶ 25. On July 29, 2025, Mr. Ortiz Ventura was arrested and ICE issued him a Notice to Appear.[3] *See* ECF 7-1 at 2. Mr. Ortiz Ventura sought a custody redetermination and, on August 11, 2025, an IJ granted Mr. Ortiz Ventura bond in the amount of $3,000. *See* ECF 7-2 at 2. Before Mr. Ortiz Ventura could secure his release, ICE filed a Form EOIR-43, Notice of Intent to Appeal Custody Redetermination, automatically staying the IJ's bond order pursuant to 8 C.F.R. § 1003.19(i)(2). ECF 7-3 at 27. ICE perfected the form by filing a notice of appeal of the IJ's bond determination on August 21, 2025. ECF 7-3 at 2-3. Mr. Ortiz Ventura has been detained at CDC since. ECF 4 ¶ 7.

Mr. Castro Cartegena is also a citizen of El Salvador who entered the United States without inspection in 2015. ECF 4 ¶¶ 15, 31. After arriving in the United States, Mr. Castro Cartegena began living in Richmond, Virginia until ICE arrested him on August 4, 2025. *Id.* at ¶ 31; ECF 7-3 at 40. ICE issued him a Notice to Appear and transferred him to FDC. ECF 7-3 at 40; ECF 7-1 at 6. Mr. Castro Cartegena sought a bond redetermination and, on August 19, 2025, an IJ granted

---

[2] Because the Court grants relief on due process grounds, it need not address Petitioners' claim that the automatic stay regulation is *ultra vires* (Count III).
[3] A Notice to Appear is a "[c]harging document" that "initiates a proceeding before an Immigration Judge." 8 C.F.R. § 1003.13.

2

him bond in the amount of $3,000. ECF 7-2 at 3. ICE then invoked the automatic stay provision by filing a Form EOIR-43, Notice of Intent to Appeal Custody Redetermination (ECF 7-3 at 36), and a notice of appeal on September 2, 2025 (*id.* at 33-34).

On August 29, 2025, Petitioners filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF 1), which they amended on September 2, 2025 (ECF 4). Their Petition names Kristi Noem, the DHS Secretary; Pamela Bondi, the Attorney General; Todd M. Lyons, the Acting Director of ICE; and Liana Castro, the Field Office Director of ICE's Washington Field Office (collectively "Federal Respondents"). ECF 4. The Petition also names Jeffrey Crawford, the warden of FDC, and the warden of CDC. *Id.* Federal Respondents have opposed the Petition. ECF 7, 12.

**II.     ANALYSIS**

Federal Respondents begin by contending that this Court lacks jurisdiction over Petitioners' claims and that Petitioners are subject to mandatory detention under 8 U.S.C. § 1225(b)(2). This Court concludes, for the reasons stated in *Quispe-Ardiles*, that the Court has jurisdiction over the Petitioners' constitutional claims and that Petitioners are detained pursuant to 8 U.S.C. § 1226(a). *See* No. 1:25-cv-01382, slip op. at 4-14 (Sept. 30, 2025). The Court recognizes that, unlike in *Quispe-Ardiles*, Petitioners have not been previously detained pursuant to § 1226(a) or released on recognizance. *See Quispe-Ardiles*, slip op. at 10-11. But, as the Court concluded in *Quispe-Ardiles*, § 1226(a) sets forth "the default rule" for detaining noncitizens "already present in the United States." *Id.* at 9 (quoting *Jennings*, 583 U.S. at 303); *see also, e.g.*, *Leal-Hernandez v. Noem*, No. 1:25-cv-02428-JRR, 2025 WL 2430025, at *10 (D. Md. Aug. 24, 2025) (concluding that § 1226(a) applied to a noncitizen arrested after living in the United States for twenty years who had not been previously detained); *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1249, 1255

(W.D. Wash. 2025) (concluding that § 1226(a) likely applied to a noncitizen arrested after fifteen years of living in the United States who had no prior history of detention). Moreover, applying § 1225(b)(2) to individuals such Petitioners—noncitizens who have not been admitted into the United States but have lived here for considerable time—would conflict with the statute's broader structure, the Supreme Court's traditional understanding of the relationship between §§ 1225(b) and 1226(a), and decades of immigration practice. *See Quispe-Ardiles*, slip op. at 12-14.

Turning to Petitioners' Fifth Amendment claims, the Court concludes that Petitioners' detention under the automatic stay regulation violates their right to substantive due process. As in *Quispe-Ardiles*, "[a]ny interest that the federal respondents may have in securing [Petitioners'] presence at immigration proceedings has been accounted for by the IJ's imposition of bond." Slip op. at 16 (quoting *Hasan v. Crawford*, No. 1:25-cv-01408 (LMB/IDD), 2025 WL 2682255, at *10 (E.D. Va. Sept. 19, 2025)); *see also Leal-Hernandez*, 2025 WL 2430025, at *13 (concluding that any flight risk concerns were accounted for by the IJ's imposition of a $10,000 bond on the petitioner's release); *Herrera v. Knight*, No. 2:22-cv-01366-RFB-DJA, 2025 WL 2581792, at *12 (D. Nev. Sept. 5, 2025) (finding that respondents had not articulated "*any* interest—let alone a compelling interest" to justify the petitioner's continued detention through the automatic stay regulation). The federal respondents also do not contend that Petitioners present a safety or considerable flight risk. Instead, the automatic stay regulation has allowed DHS to unilaterally detain them, even after the IJ made individualized findings that their continued detention was unnecessary. *See Quispe-Ardiles*, slip op. at 17 (concluding same). This continued arbitrary detention violates Petitioners' right to substantive due process.

Petitioners' detention under the automatic stay regulation also violates their right to procedural due process. Petitioners have a substantial interest in release from physical detention,

4

there is an acute risk that the automatic stay regulation will erroneously deprive them of liberty, additional safeguards such as a discretionary stay of release on bond would likely ameliorate that risk, and the Court discerns no significant governmental interest in continuing to hold Petitioners without bond. *See Quispe-Ardiles*, slip op. at 17-20.

### III.  CONCLUSION

For the reasons stated above, the Petition will be GRANTED as to Counts I and II, and it is hereby

ORDERED that Petitioners Alvaro Bladimir Ortiz Ventura and Rene Balmore Castro Cartagena be released from custody no later than 4:00 pm on Thursday, October 2, 2025, with all their personal property, once they have posted the $3,000 bond set by the Immigration Judge; and it is further

ORDERED that Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are ENJOINED from rearresting Petitioners unless they have committed a new violation of any federal, state, or local law, or have failed to attend any properly noticed immigration or court hearing; and it is further

ORDERED that Respondents file a notice with the Court confirming Petitioners' release.

The Clerk is directed to enter judgment in Petitioners' favor pursuant to Federal Rule of Civil Procedure 58, forward copies of the Order and accompanying Memorandum Opinion to counsel of record, and close this civil action.

SO ORDERED.

/s/
Michael S. Nachmanoff

5

                                                                                                              _____

                                                                                                              United States District Judge

October 2, 2025
Alexandria, Virginia